## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

IN RE:                                          Case No. 19-54531
                                                Chapter   7
Joseph G. DuMouchelle and                       Hon. Lisa S. Gretchko
Melinda J. Adduci
                        Debtor(s).
_____/        Adv. No. 21-04041

Fred Dery, Chapter 7 Trustee and
Assignee of the Rights of Thomas Ritter

&

William Noble Rare Jewels, L.P. and
William Noble, jointly and severally

                        Joint Appellants,
_____/

### NOTICE OF TRANSMITTAL OF NOTICE OF APPEAL/MOTION TO WITHDRAW THE REFERENCE

       I hereby certify that the attached documents are transmitted to the United States District Court for the Eastern District of Michigan, which constitutes the Notice of Appeal/Motion to Withdraw the Reference.

☐      Notice of Appeal

☒      Bankruptcy Matter Civil Cover Sheet

☐      Order on Appeal

☐      Notice of Deficiency

☐      Motion for Leave to Appeal

☒      Agreed Motion to Withdraw the Reference

☐      Other: Brief in Support of Agreed Motion For Withdrawal of Reference and Certificate of Service.

**NOTE:**

☐  There is a previous civil matter in this bankruptcy.  That matter was given civil case number Click here to enter text. and assigned to District Judge Click here to enter text.

☒  This is a new matter and not previously assigned to a District Court Judge.

☒  Appeal Fee paid on 9/3/2021

☐  Appeal Fee deferred.

☐  Appeal Fee not paid, Fee Due attached.

Dated:  9/3/2021                          Clerk, United States Bankruptcy Court

                                          By:  _/s/ Michele Klemmer_____
                                                     Deputy Clerk

| United States District Court | Bankruptcy Matter | District Court Label |
|---|---|---|
| Eastern District of Michigan | Civil Case Cover Sheet | |

**In re:**

Joseph G. DuMouchelle and
Melinda J. Adduci

**Case No.:** 19-54531-lsg
Chapter 7

                              **Debtors.**

_____/

FRED DERY, CHAPTER 7 TRUSTEE
AND ASSIGNEE OF THE RIGHTS OF
THOMAS RITTER,

**Adv. No.:** 21-04041-lsg

        **Plaintiff,**

    **v.**

WILLIAM NOBLE RARE JEWELS, L.P. and
WILLIAM NOBLE, jointly and severally,

        **Defendants.**

---

**CAUSE OF ACTION/NATURE OF SUIT:** (This matter is referred to the district court for the following reasons)

| | | |
|---|---|---|
| _____ | [422] 28 U.S.C. 158 | Bankruptcy Appeal |
| _____ | [422] 28 U.S.C. 158 | Motion for Leave to Appeal |
| __X__ | [423] 28 U.S.C. 157(d) | Motion for Withdrawal of Reference |
| _____ | [423] 28 U.S.C. 157(c) (1) | Proposed Findings of Fact and Conclusions of Law |
| _____ | [423] 28 U.S.C. 158 (c) (a) | Order of Contempt |

**Date:** _ September, 2021 _        **Name:** _/s/ Ryan D. Heilman_____

| Name and Address of Interested Parties |
| --- |

Plaintiff, Fred Dery
Chapter 7 Trustee
c/o Bryan D. Marcus, Esq.
Bryan D. Marcus, PC
Counsel for Plaintiff
29488 Woodward Ave.
Suite 451
Royal Oak, MI 48067
(248) 320-1071
Bmarcus.x@GMail.com

Defendants William Noble Rare Jewels, L.P.
and William Noble
c/o Ryan D. Heilman, Esq.
Wernette Heilman, PLLC
Counsel for Defendants
40900 Woodward Ave.
Suite 111
Bloomfield Hills, MI 48304
(248) 835-4745
Ryan@WernetteHeilman.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In Re:

JOSEPH DUMOUCHELLE and                    Case No. 19-54531-LSG
MELINDA ADDUCI,

               Debtors,

_____

FRED DERY, CHAPTER 7 TRUSTEE AND
ASSIGNEE OF THE RIGHTS OF THOMAS RITTER,

               Plaintiff,

                              Adversary Proceeding
                              No. 21-04041-LSG

v.

WILLIAM NOBLE RARE JEWELS, L.P. and
WILLIAM NOBLE, jointly and severally,

               Defendants.

_____

## <u>AGREED MOTION TO WITHDRAW THE REFERENCE FOR TRIAL</u>

William Noble Rare Jewels, LP and William Noble ("<u>Defendants</u>"), through counsel, Wernette Heilman PLLC, and Fred Dery, Chapter 7 Trustee and Assignee of the Rights of Thomas Ritter ("<u>Plaintiff</u>"), hereby jointly move for this Court to enter an order withdrawing the reference for purposes of trial of this matter but not for pre-trial matters, and state as follows:

1.      Plaintiff commenced this action as an adversary proceeding in the Bankruptcy Court for the Eastern District of Michigan on February 5, 2021. [Docket # 1].

2.      The claims alleged by Plaintiff include both core bankruptcy matters and non-core state law claims.

3.      Defendants included a jury demand with their answer. [Docket # 13].

4.      Initially, the parties consented to the bankruptcy court conducting a jury trial in this case. However, during the initial status conference, it became abundantly clear that for a number of reasons, including the current pandemic, that holding a jury trial in the bankruptcy court would be logically challenging and would likely create substantial delay in resolving this matter.

5.      Accordingly, the parties withdrew their consent to trial in the bankruptcy court and agreed in their joint Report of Parties' Rule 26(f) Conference, that they would file a motion to withdraw the reference to allow a jury trial to be conducted by the District Court at its discretion. Exhibit A, ¶ 3(c)(i) [Docket # 24].[1]

6.      After a hearing, the Bankruptcy Court adopted the parties' Rule 26(f) Report. Exhibit B [Docket # 25].

---

[1] This motion is filed a few days later than contemplated due to personal unforeseen circumstances.

7.      Under 28 U.S.C. § 157(e), where the parties have a jury trial right, the bankruptcy court may conduct the jury trial only if specially designated by the district court and if all parties consent.

8.      Here, the parties do not consent to the bankruptcy court conducting the jury trial. Therefore, the parties request that this Court withdraw the reference for the purpose of conducting the jury trial.

9.      However, none of the parties seek removal of the case from the bankruptcy court for purposes of pre-trial administration and consent to this case remaining in the bankruptcy court until the bankruptcy court determines that the matter is ready for trial. The motion is filed at this early stage in the case only to prevent any waiver of rights due to delay.

WHEREFORE, the parties jointly request that this Honorable Court enter an order withdrawing the reference for the purpose of conducting the jury trial in this Court.

Respectfully submitted,

 /s/  Bryan D. Marcus              
Bryan D. Marcus (P47125)
Bryan D. Marcus, PC
Counsel for Plaintiff
29488 Woodward Ave.
Suite 451
Royal Oak, MI 48067
(248) 320-1071
Bmarcus.x@GMail.com

 /s/ Ryan D. Heilman                  
Ryan D. Heilman (P63952)
Wernette Heilman, PLLC
Counsel for Defendants
40900 Woodward Ave.
Suite 111
Bloomfield Hills, MI 48304
(248) 835-4745
Ryan@WernetteHeilman.com

September 3, 2021

Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In Re:

JOSEPH DUMOUCHELLE and                    Case No. 19-54531-lsg
MELINDA ADDUCI,                                        Chapter 7

            Debtors,

_____

FRED DERY, CHAPTER 7 TRUSTEE AND
ASSIGNEE OF THE RIGHTS OF THOMAS RITTER,

            Plaintiff,

                                     Adversary proceeding
                                     No. 21-04041-lsg

v.

WILLIAM NOBLE RARE JEWELS, L.P. and
WILLIAM NOBLE, jointly and severally,

            Defendants.

_____

**REPORT OF PARTIES' RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Bank P. 7026 and Fed R. Civ P. 26(f), a conference was held on multiple dates beginning in May 2021, by telephone or other means, and was participated in by:

      Bryan Marcus, Attorney for Plaintiff

      Ryan Heilman, Attorney for Defendants

This is submitted as the required report of that conference.

1.      Initial Disclosures required by Fed. R. Civ. P. 26(a)(1).

        [X] The parties will provide such by **August 15, 2021**; or

        [  ] The parties agree to provide the following at times indicated:

2.      Discovery Plan.  The Parties jointly propose to the Court following discovery plan:

(a)     Discovery will be needed on the following subjects:

        (i)     All factual elements related to Plaintiff's non-discharge claim;
        (ii)    Facts relating to Defendant's Defenses.

(b)     All discovery commenced in time to be completed by **February 15, 2022.**

(c )    Maximum of 21 Interrogatories by each party to any other party.
        Response due 21 days after service.

(d)     Maximum of 21 requests for admissions by each party to any other party.
            Responses due 21 days after service.

        (e)     The Plaintiff is permitted to take up to six depositions in this matter.

        The Defendants is permitted to take up to 6 Depositions in this action.

        (f)     Each Deposition is limited to a maximum of five hours unless
        extended by agreement of the parties.

        (g)     Reports from retained experts under 26(a)(2) due:
        from Plaintiff by **November 15, 2021**.
        From Defendant by **December 15, 2021**.

        (h)     Supplementations under Rule 26(e) due  (time(s) or interval(s))

        The Plaintiff and Defendants agree that the parties will provide
        supplementation to the other within fourteen (14) days after a party

acquires such information as defined by Rule 26(e), but in no event later than the pre-trial conference.

3.        Other Agreed Upon Items.

(a)      The parties should be allowed until **September 15, 2021** to join additional parties and to amend pleadings.

(c )   All potentially dispositive motions should be filed by **March 30, 2022**.

(d)      The proceeding should be ready for trial by **June 15, 2022**.  The Trial is expected to take approximately 2 days.

(e)      Jury Trial Matters

(i)       [   ] a jury trial was not timely demanded and is waived; or

[   ]  a jury trial was timely demanded, but is waived; or

[ X ]  a jury trial was timely demanded but not waived

(ii)      [   ] the parties consent to the Bankruptcy Court conducting the
                jury trial; or

[ x ]  the parties do not at this time consent to the Bankruptcy Court
                conducting the jury trial.

[x]   the parties shall, by **August 30, 2021**, file a joint motion to
                withdraw the reference and thereby allow a jury trial to be
                conducted by the District Court at its discretion.

(f)      The parties agree that:

[   ]  This is a core proceeding, or

[  ] This is a non-core proceeding otherwise related to the
     bankruptcy case.

[X]  This is mixed core and non-core proceeding

4.     Other matters.

        None at this time.


5      Matters not agreed upon or sufficiently addressed by the foregoing.

        None at this time


/S/ Bryan Marcus
_____
Bryan D. Marcus, PC
29488 Woodward Ave.
Suite 451
Royal Oak, MI 48067
Bmarcus.x@GMail.com
(P47125)


/S/ Ryan Heilman
_____
Wernette Heilman, PLLC
40900 Woodward Ave.
Suite 111
Bloomfield Hills, MI 48304
(248) 835-4745
Ryan@WernetteHeilman.com
(P63592)

Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Joseph G. DuMouchelle                                    Case No. 19-54531
and Melinda J. Adducci                                   Chapter 7
                                                         Hon. Lisa S. Gretchko
_____ Debtor(s),        /

Fred Dery,
*Chapter 7 Trustee and Assignee of The Rights*
*of Thomas Ritter*                                       Adv. Proc. No. 21-04041-lsg
                          Plaintiff(s),
v.

William Noble Rare Jewels, LP
And William Noble,

_____ Defendant(s),     /


## ADVERSARY PROCEEDING SCHEDULING ORDER

After several consultations with the parties pursuant to Fed. R. Bankr. P. 7016 and 7026, and the parties having conducted multiple conferences and submitted their most recent written report thereof on August 5, 2021 (the "**Rule 26(f) Report**"; **ECF No. 24**) under Fed. R. Civ. P. 26(f), **IT IS HEREBY ORDERED** that further proceedings in this case shall be governed by the following:

I.
Discovery Plan and Other Provisions of Rule 26(f) Report

The Rule 26(f) Report is adopted as an order of this Court and incorporated herein.

II.
Filing of Joint Final Pretrial Order

A joint final pretrial order prepared in accordance with E.D.Mich.LBR 7016-1 shall be submitted for entry at least seven (7) days before the final pretrial conference.   In the portion of the

joint final pretrial order designated "Issues of Law to be Litigated", each party shall provide after each listed issue, that party's three strongest reported cases in support of its view of the law.

III.

Mediation

The Court encourages the parties to consider mediation of this adversary proceeding pursuant to E.D.Mich.LBR. 7016-2.    If all parties agree to mediation, the parties should file a stipulation and submit to the Court a proposed order appointing the mediator.   If the parties have agreed to select a mediator from the list of approved mediators on the Court's website, the proposed order should contain the name of the mediator when it is submitted to the Court for entry.   If the parties have not agreed on the name of the mediator, the proposed order appointing the mediator should be submitted without a mediator's name and the Court will then select a mediator from the approved list and indicate such person's name in the order that is entered.   All mediation must be concluded no later than five days before the final pretrial conference scheduled by this order.   The Court will not adjourn the final pre-trial conference or the trial to permit mediation to continue past the deadline set by this order.   If the parties desire to further discuss mediation with the Court, the parties shall jointly contact Cheryl London, Judge Gretchko's Courtroom Deputy, to arrange a time for a conference call or a conference in chambers with the Court.

IV.

Final Pretrial Conference/Status Conference After Dispositive Motion Deadline

The 26(f) Report states that the parties have timely demanded a jury trial and that the parties do not consent to the Bankruptcy Court conducting a jury trial. Therefore, the Court had determined not to schedule either a final pretrial conference or a trial at this time. Instead, the Court will conduct a status conference after the close of discovery and after the deadline for filing dispositive motions to address the scheduling of a final pretrial conference, trial and any other pending matters in this adversary proceeding. The status conference will be held on **April 11, 2022 at 10:00** in Room 1975, 211 W. Fort St., Detroit, MI.

V.

Trial Date(s) in Bankruptcy Court

The Court will address the scheduling of trial at the status conference.

VI.
Miscellaneous Matters

(a)     Adjournment(s) or Changes in this Order

Requests for adjournment of the final pre-trial conference or the trial are governed by E.D.Mich.LBR 5071-1.   Any changes in any other dates or provisions of this order are to be sought in accordance with E.D.Mich.LBR 9014-1, or by written stipulation provided that in any case good cause shall be shown, and approval of the Court is required.

(b)     Exhibits and Discovery Disputes

The parties shall bring all proposed exhibits to the final pre-trial conference for marking, and, if possible, admission into evidence by stipulation.   Parties are encouraged to resolve disputes before a motion regarding discovery is filed and are directed to strictly comply with E.D.Mich.LBR 9014-1(g) and (h) (E.D.M.) if a motion is ultimately required.

(c)     Settlement

Note should be taken of E.D.Mich.LBR. 9019-1 relative to settlements.

(d)     Status or Pretrial Conference Request

Any party may request a status conference (or a conference to discuss or further consult in reference to this order) by a communication, in writing, addressed to the Court with copies to opposing or other counsel and/or any pro se parties.   Upon receipt of such a request (or sua sponte) the Court will schedule such a conference (in person or by phone) if the Court believes it will advance or be helpful in the disposition of this proceeding.

(e)     Filing of Discovery Materials

See E.D.Mich.LBR 7026-1 regarding the filing of discovery materials.

**Signed on August 13, 2021**



/s/ **Lisa S. Gretchko**
_____
**Lisa S. Gretchko**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In Re:

JOSEPH DUMOUCHELLE and                    Case No. 19-54531-LSG
MELINDA ADDUCI,

        Debtors,

_____

FRED DERY, CHAPTER 7 TRUSTEE AND
ASSIGNEE OF THE RIGHTS OF THOMAS RITTER,

        Plaintiff,

                      Adversary Proceeding
                      No. 21-04041-LSG

v.

WILLIAM NOBLE RARE JEWELS, L.P. and
WILLIAM NOBLE, jointly and severally,

        Defendants.
_____

## BRIEF IN SUPPORT OF
## <u>AGREED MOTION TO WITHDRAW THE REFERENCE FOR TRIAL</u>

In support of their Agreed Motion to Withdraw the Reference for Trial, the

parties rely on the facts set forth in the attached motion and 28 U.S.C. § 157(e).


[Signatures on following page]

1

Respectfully submitted,

 /s/  Bryan D. Marcus                          /s/ Ryan D. Heilman                  
Bryan D. Marcus (P47125)              Ryan D. Heilman (P63952)
Bryan D. Marcus, PC                       Wernette Heilman, PLLC
Counsel for Plaintiff                        Counsel for Defendants
29488 Woodward Ave.                   40900 Woodward Ave.
Suite 451                                       Suite 111
Royal Oak, MI 48067                       Bloomfield Hills, MI 48304
(248) 320-1071                               (248) 835-4745
Bmarcus.x@GMail.com                  Ryan@WernetteHeilman.com

September 3, 2021

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In Re:

JOSEPH DUMOUCHELLE and          Case No. 19-54531-LSG
MELINDA ADDUCI,

                 Debtors,

_____

FRED DERY, CHAPTER 7 TRUSTEE AND
ASSIGNEE OF THE RIGHTS OF THOMAS RITTER,

                 Plaintiff,

                                Adversary Proceeding
                                No. 21-04041-LSG

v.

WILLIAM NOBLE RARE JEWELS, L.P. and
WILLIAM NOBLE, jointly and severally,

                 Defendants.
_____

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 3, 2021, I caused a copy of the

Agreed Motion to Withdraw the Reference for Trial ("<u>Motion</u>") to be filed to be filed

via this Court's Electronic Case Filing (ecf) system. The Motion was served by the ecf

system on all counsel in this adversary proceeding registered with the ecf system.


[Signature on following page]

1

Respectfully submitted:

By: /s/ Ryan D. Heilman
Ryan D. Heilman (P63952)
Wernette Heilman PLLC
Counsel for Plaintiff
40900 Woodward Ave., Suite 111
Bloomfield, MI 48304
(248) 835-4745
Dated: September 3, 2021          ryan@wernetteheilman.com